**FILED**

JAN - 4 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARVIN WATSON, JR.,         )
         )
       Plaintiff,         )
         )
    v.         )    Civil Action No. 17-1804 (UNA)
         )
SCOTT P. BONHAM, *et al.*,         )
         )
       Defendants.         )

### MEMORANDUM OPINION

Plaintiff purports to bring a claim under the False Claims Act, which generally establishes liability for one who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the United States or one of its employees or contractors. 31 U.S.C. § 3729(a)(1)(A). A *pro se* party, however, may not file such an action. *See Idrogo v. Castro*, 672 F. App'x 27 (D.C. Cir. Sept. 30, 2016) (per curiam) ("The district court correctly held that pro se plaintiffs, such as appellant, may not file a qui tam action pursuant to the False Claims Act[.]"); *U.S. ex rel. Fisher v. Network Software Asssocs.*, 377 F. Supp. 2d 195, 197 (D.D.C. 2005) ("The Court therefore holds that plaintiff may not maintain this suit as a *qui tam* relator without the assistance of counsel."). In an action under the False Claims Act, "the real party in interest . . . is the United States," *U.S. ex rel. Fisher*, 377 F. Supp. 2d at 196 (citation omitted), and a *pro se* "plaintiff is not qualified as a lay person to represent the interests of the United States in court proceedings," *Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003).

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint without prejudice.

An Order accompanies this Memorandum Opinion.

DATE: ~~December____, 2017~~
January 2, 2018

United States District Judge